IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

IN RE: ANTHONY DERRELL BARFIELD :

---

ANTHONY DERRELL BARFIELD :

Appellant :

v. : Civil Action No. DKC 26-1388

SELENE FINANCE LP, as servicer in fact for U.S. Bank Trust National Association :

Appellee :

**MEMORANDUM OPINION**

Appellant Anthony Derrell Barfield ("Mr. Barfield"), a debtor in the underlying bankruptcy case, appeals from the order of Bankruptcy Judge Maria Ellena Chavez-Ruark, denying his motion to compel turnover of property. (ECF No. 1-1). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the order of the bankruptcy court will be affirmed.

**I. Background**

Mr. Barfield filed his motion to compel turnover of property on September 4, 2025, pursuant to 11 U.S.C. § 542 in the United States Bankruptcy Court for the District of Maryland. Mr. Barfield sought entry of an order compelling U.S. Bank Trust National Association ("U.S. Bank Trust NA") to turnover "all collateral, securities, and cash, along with all reserve assets,

investments[,] and securities purchased therefrom” as identified in two alleged deposit slips. (ECF No. 3-1). Mr. Barfield later filed an amendment to his motion, which included three additional exhibits. (ECF No. 3-3). No entity has responded in a filing to Mr. Barfield’s (1) September 4, 2025 motion to compel turnover; or (2) February 11, 2026 amended motion.

The bankruptcy court first considered Mr. Barfield’s motion at a February 17, 2026 status conference. The bankruptcy court heard further argument at a March 23, 2026 hearing, at the conclusion of which Judge Chavez-Ruark denied Mr. Barfield’s motion to compel turnover. The ruling was memorialized in a written order entered on April 6, 2026. (ECF No. 1-1, at 1 (stating that “[a]t the March 23, 2026 hearing, the Court determined that the Debtor is not a banking institution and that Debtor[’]s Exhibits 1 and 2 are not valid and enforceable documents.”)).

A few days later (April 9), Mr. Barfield filed a notice of appeal to this court. Mr. Barfield filed a brief in support of his appeal on June 25. (ECF No. 10). Appellee Selene Finance LP (“Selene Finance”), servicer in fact for U.S. Bank Trust NA, has not filed a brief. In his appellate brief, Mr. Barfield argues that his motion to compel turnover

> was denied on the basis of the bankruptcy court’s opinion as to “items”[] listed on a “deposit slip” by the Appellant not constituting a “deposit” which has no basis in

> regards to the application of 11 U.S.C. § 542, under which the motion was brought forward by the Appellant and to the "items listed on the deposit slip" that were deemed as "property of the estate" to be turned over to the trustee and/or debtor in possession in accordance to 11 U.S.C. § 542(a).

(ECF No. 10, at 5).

## II. Standard of Review

Under 28 U.S.C. § 158(a), a district court has jurisdiction over an appeal from "final judgments, orders, and decrees . . . of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges" pursuant to section 157 of the same title. 28 U.S.C. § 158(a). A bankruptcy judge's ruling on a motion for turnover may constitute a final order that is appealable as of right. *See In re Lents*, 644 B.R. 479, 488 (Bankr.D.S.C. 2022); *In re Pro. Ins. Mgmt.*, 285 F.3d 268, 281 (3d Cir. 2002) (quoting *In re Moody*, 817 F.2d 365, 366 (5th Cir. 1987) ("Following the lead of every circuit court that has considered the question directly or indirectly, we hold that a bankruptcy court's turnover order . . . is a final order and hence appealable as of right.").

Generally, in an appeal from a bankruptcy court, a district court reviews conclusions of law *de novo* and findings of fact for clear error. *Ekweani v. Thomas*, 574 B.R. 561, 567 (D.Md. 2017) (citing *In re Taneja*, 743 F.3d 423, 429 (4th Cir. 2014)). "A finding is clearly erroneous only if, after reviewing the record,

the reviewing court is left with 'a firm and definite conviction that a mistake has been committed.'" *Id.* (quoting *Klein v. PepsiCo, Inc.*, 845 F.2d 76, 79 (4th Cir. 1988)).

In an appeal of an order in which a bankruptcy court has exercised its equitable powers, however, the standard of review is abuse of discretion. *In re Massenburg*, 554 B.R. 769, 773 (D.Md. 2016) (applying abuse of discretion standard of review in appeal of ruling of the bankruptcy court denying debtor's motion for turnover); *see Walker v. Weese*, 286 B.R. 294, 299 (D.Md. 2002) (citing 11 U.S.C. § 542) ("Commanding turnover is at the very root of the bankruptcy court's equitable powers.")). "'The question is not how the reviewing court would have ruled, but rather whether a reasonable person could agree with the bankruptcy court's decision; if reasonable persons could differ as to the issue, then there is no abuse of discretion.'" *In re Massenburg*, 554 B.R. at 773 (alteration in original) (quoting *In re M.J. Waterman & Assocs., Inc.*, 227 F.3d 604, 608 (6th Cir. 2000)).

**III. Analysis**

The relevant turnover provision of the bankruptcy code, 11 U.S.C. § 542(a), states:

> Except as provided in subsection (c) or (d) of this section, an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt

> under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

11 U.S.C. § 542(a). Mr. Barfield argues that he acted as a depositor at the time he filled out the alleged deposit slips and thereby makes a prima facie case that the items listed on them "are the property of the Appellant and consequently the estate and are being held by the Appellee." (ECF No. 10, at 7).

Whatever nuances make implementation of § 542 problematic, the fundamental element, missing in this case, is that it only applies to "property." As found by Judge Chavez-Ruark, Mr. Barfield utterly failed to provide any credible evidence that the items he identifies are, in fact, property, as opposed to figments of his imagination. Upon a review of the record, the factual findings made by the bankruptcy court do not give rise to a firm and definite conviction that a mistake has been committed. Additionally, a reasonable person could agree with the bankruptcy court's decision. Accordingly, Judge Chavez-Ruark's order will be affirmed.

Mr. Barfield's testimony at the two hearings on his motion, as well as the alleged deposit slips and affidavit submitted in support of his motion, do not pass muster. At the February 17, 2026 hearing, the bankruptcy court asked Mr. Barfield about the

origin of the alleged deposits and Mr. Barfield suggested that they relate to a "first time mortgage" and have been "moved around several times." (ECF No. 8, 4:9-16). Appellee Selene Finance is the servicer of the loan and U.S. Bank Trust NA is the holder. (*See id.* at 4:17-20). Mr. Barfield went on to describe how the purported deposit slips in Debtor's Exhibit 1 state that, among other things, Mr. Barfield's signature and social security number were deposited. (*Id.* at 5:23-6:10). Mr. Barfield also affirmed that he believes that these items and his "original loan application where [he] applied for a loan ha[ve] cash value," as noted on the face of the alleged deposit slips. (*See id.* at 6:1-18; *see also* ECF No. 6-1, at 9, 11).

During the bankruptcy court's questioning of Mr. Barfield at the March 23, 2026 hearing, Mr. Barfield confirmed that he drafted a "certificate of deposit" that was attached to "the deposit slip in duplicate"—and that it was "not issued by the bank," but was instead "issued by [Mr. Barfield]" himself. (ECF No. 9, at 10:16-25). Mr. Barfield further testified that he "put a CUSIP number" on the deposit slip, which he "got from the fund manager." (*Id.* at 11:15-12:2). Later on, the bankruptcy court stated to Mr. Barfield, "[y]ou are using a lot of banking terms and you want the Court to believe that you are a banking institution, that there is a CUSIP number assigned to your note and that your signature has

value. On what are you basing all of this?" (*Id.* at 13:5-9). Mr. Barfield did not supply support for his arguments except mere *ipse dixit*. (*Id.* at 13:10-12). At the close of the hearing, the bankruptcy court described Mr. Barfield's motion as "gibberish" and wondered aloud "whether [Mr Barfield] actually truly believes [he] is a banking institution or if [he is] just trying to be creative and find a way to get out of repaying a loan of hundreds of thousands of dollars that was made to [him] so that [he] could buy the property." (*Id.* at 17:4-9). The bankruptcy court ultimately determined that Mr. Barfield's alleged deposit slips were "fake documents . . . [and] are not legally binding." (*Id.* at 17:12-17). As detailed above, the bankruptcy court did not appear to arrive at this conclusion lightly.

Upon review of the record and Debtor's Exhibit 1 and 2 that were admitted into evidence at the March 23, 2026 hearing in particular, none of Mr. Barfield's supplied materials amount to credible evidence that the requested property exists so that it might be part of the bankruptcy estate and support a request for turnover under § 542(a). Overall, the bankruptcy court's factual findings do not leave one with a firm and definite conviction that a mistake has been committed, and a reasonable person could agree with the bankruptcy court's decision.

## IV. Conclusion

For the foregoing reasons, the order of the bankruptcy court will be affirmed. A separate order will follow.

/s/
DEBORAH K. CHASANOW
United States District Judge